## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION

**JACKIE WAYNE STONE**                                                         **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 1:22-CV-P114-GNS**

**TAYLOR COUNTY SHERIFF DEPARTMENT** *et al.*                 **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the following reasons, the Court will dismiss this action.

### I.

Plaintiff sues the "Taylor County Sheriff Department" (TCSD) and five TCSD Deputy Sheriffs in both their official and individual capacities – Mark Dickins, Brent Burkhead, Josh Patrick, Stephen Dobson, and Dickie Benningfield. Plaintiff alleges that on July 5, 2021, Defendants "conducted a search warrant at my resident." He states that after the search warrant was conducted Defendants "knowingly gave my house key to 'Joey Wise' who does not live there and never have nor is it his mailing address and a convicted felon." Plaintiff alleges that Defendants knowingly "gave him free access to my home to rob at his own free will and allowed a crime to be committed . . . ." Plaintiff then lists all of the property which he alleges was stolen from his home. This list includes jewelry, televisions, tools, riding mowers, motorcycles, a camper, and "priceless" heirlooms, among other things. As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v.*

*Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff's claim concerning the alleged loss of his personal property does not give rise to a constitutional violation actionable under § 1983. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).   To assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation.  *Parratt*, 451 U.S. at 543-44.  The law of this Circuit is in accord.  For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate."  *Id*. at 1066.  The Sixth Circuit has held that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).  In *Wagner*, the plaintiff claimed that his Fourteenth Amendment due process rights were violated when police officers allegedly stole personal property from his automobile after it was impounded.  The court dismissed this claim because a common law action for unlawful conversion of property or, alternatively, for custodial negligence, was available to the plaintiff in the state courts of Kentucky.  *Id*.

3

Thus, because Plaintiff has adequate state law remedies for the alleged loss of his property, he fails to state a constitutional claim upon which relief may be granted.  *See also Jones v. Scroggy*, Nos. 87-5753, 87-5754, 840 F.2d 17 (6th Cir. 1988) (affirming dismissal of plaintiff's claim that prison officials failed to recover a radio and head phones stolen from him by another inmate because the state provided adequate post-deprivation remedies); *Stokley v. Dismas Charities, Inc.,* No. 3:14CV-P30-S, 2014 U.S. Dist. LEXIS 102234 (W.D. Ky. July 25, 2014) (dismissing § 1983 claim based on the plaintiff's allegation that his property was stolen at a halfway house because an official there "failed to provide reasonable amount of protection for my property" for the reasons set forth above).

**IV.**

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date:  January 25, 2023

Greg N. Stivers, Chief Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
       Taylor County Attorney
4416.011

4